IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF INDIANA

INDIANAPOLIS DIVISION

FILED
07 MAY 10 PM 2:46
LAURA A. BRIGGS, CLERK

**ALLAH**
    Plaintiff,

versus

**SUSAN W. BROOKS**
    Defendant.

)
)
)
)
)
)
)
)
) **1:07-cv-0597-LJM-TAB**
)

_____/

CIVIL RIGHTS DEFENSE CLAIM
PURSUANT TO 42 U.S.C.§ 2000
<u>cc-1(a)(1)(2).</u>/

1) Allah, is a citizen of the Moorish Science Temple(United States of America) who presently resides at United States Penitentiary Victorville, Post Office Box 5500, Adelanto, California 92301.

2) **Defendant** Susan W. Brooks is a citizen of Indianapolis, Indiana (United States of America), and is employed as the United States Attorney of which Defendant # 1 was acting under the color of at the time this Civil Rights Defense Claim arose, wherein this case derived from Case number 2:06-Cv-00064-RLY-WGH as could be asserted in Case number 1:06-Cv-420-SEB-VSS, denied however by Order

I.

entered on 04/24/2007, and the First Defendant being General Counsel in the United States Government's Executive Branch with duties consistent with Enforcing the United States Constitution and Criminal Code compring the relief sought after by this Plaintiff.

3) Jurisdiction is invoked pursuant to the **Religious Land Use And Institutionalized Persons Act** 42 U.S.C.§ 2000cc-2 **(Judicial Relief)**; 28 U.S.C. § 1331 **(CUTTER vs. WILKINSON** 125 S.Ct. 2113 5/31/2005.**)**

### B.  NATURE OF THE CASE

1) In July 2005, the Southern District of Indiana, United States Department of Justice Federal Burueau of Prisons(Terre Haute), this Plaintiff filed an Administrative Remedy Request(National Inmate Appeal) for Civic-Religious-Domestic Corporate Divine Law (Nationality-Copyright) Enforcement warranting criminal penalty under the Federal Rules and Criminal Procedure(Code), accommodation of the same with concurrence from Institutional Staff. Responses on National Inmate appeal were to : "Communicate Concerns to Local Staff"; "Start at the Institutional Level" (unclear). Administrative Remedy Request filed with First Defendant's Office has gone unanswered. The Laws(rights) sought to be enforced are protected as works of Authorship by **Treaty Article I** of the **Universal Copyright Convention,**Chapter 1, Section 104(17U.S.C.), Moreover, the **Moorish Divine Movement in North America** is lawfully chartered and incorporated(The Moorish Science

II.

Temple of America) in Institution Lewisburg, the Middle District of Pennsylvania, by which venue was transferred for convenience of witnesses, etc. in Case number 1:06-Cv-420-SEB-VSS, as well as the Southern District of Indiana, in Institution Terre Haute whereupon Case number 2:06-Cv-00064-RLY-WGM was filed and subsequently Ordered to be filed in Case number 1:06-Cv-420-SEB-VSS for being duplicative of the same as could be asserted. Although this Plaintiff maintains the position that the Divine Law of the Charter is Universally applicable in all lines of life for this Plaintiff's protection(Civil Rule 17(b)), Judge Barker denied this Plaintiff's Motion to Consolidate(assert "amend") the same by law gleaned from Glaus v. Anderson, 408 F.3d 382 (7th Cir. 2005) in the exclusion of the Religious Land Use and Institutionalized Persons Act, supra.

### C.  CAUSE OF ACTION--2000cc-2(a)

1) The Defendant's failure to accommodate the adequate and effective protection of this Plaintiff's Life(Rights) as enforceable under the criminal code places a substantial burden on this Plaintiff's right to freedom of religious affiliation and **Voluntary religious Worship as** Institutionally Chartered(contracted) and provided for in the Code of Federal Regulations (Inmate Rights and Responsibilities 28 C.F.R.§ Part **541.12).**

    A) (1)  **Count I:** <u>BREACH OF DIVINE CONSTITUTION AND BY-LAW</u>
                               <u>ACT 6.</u> (the ADDITIONAL LAWS FOR THE MOORISH

III.

AMERICANS (BY THE PROPHET NOBLE DREW ALI)

(2) The Defendant has refused to **recognize** the existence of this Plaintiff's **nationality**(allegiance) in the Southern District of Indiana as contracted by the Institutional Charter, Published Motions, and the Universal Copyright Convention, supra, in so doing, the Defendant [in-advertantly] supported the death of the same, comprising a BREACH OF CONTRACT. **(17 AM JUR 2d.§ CONTRACTS ¢99-Breach defined)**

B) (1) **Count II:** <u>BREACH OF MOORISH AMERICAN TREATY ARTICLE 16</u>

(2) The defendant has refused to provide for the enforcement of Treaty Article 16 thereby subjecting this Plaintiff to Cruel and Unusual Moorish Punishment and Involuntary Servitude in violation of the First, Eighth, and Thirteenth Amendments to the United States Constitution.

D. REQUEST FOR RELIEF

1) The "**appropriate**" relief requested is **Specific Performance** of the Corporate Charter(contract-copyright) such as would be consistent with the term: **EQUITABLE RELIEF.**

*[signature]*

IV.

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of bearing false witness (perjury) that he is the Plaintiff in the above action, that he has read the above Defense Claim and that the information contained herein is true and co●rrect.

Executed at **The Moorish Science Temple** on _May 6,_ 2007.

_[signature]_

Distribution;

V.